UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                        :            CASE NO.: 14-16875-LMI
                                              :
EDWARD S. WILLIAMS AND                        :
CLARE K. WHELAN,                              :            CHAPTER 7
                                              :
          Debtors.                            :
_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

*Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.*

COMES NOW, Robert A. Angueira (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

1.      The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 26, 2014 (the "*Petition Date*") and Robert A. Angueira is the duly appointed Chapter 7 Trustee.

2.      Pre-petition, the Debtors owned a combined 100% interest in the business Doors, Inc., a Florida Corporation ("*Doors Inc.*"), which operated as a contractor for the installation of commercial doors, including the installation of doors in commercial buildings and large condominium properties.

3.      In connection with the Rule 2004 Examination of the Debtors, the Trustee discovered that approximately five (5) months pre-petition, the Debtors transferred substantially all of the assets and income of Doors Inc. to a new company, Doors Miami Fabrication LLC ("*Doors LLC*"), which company the Debtors alleged on Schedule B, Item #13 had a value of $0.00 as of the Petition Date. The Trustee disputes the Debtors' valuation of Doors LLC and the

Trustee has asserted the Estate's interest in Doors LLC.

4. In connection with the Rule 2004 Examination of the Debtors, the Trustee discovered that the Debtors had been working on a construction project for the City of Hollywood, from which the Debtor (Mr. Williams) is likely to receive compensation of up to $50,000.00 (the "*Hollywood Receivable*"). The Trustee has asserted the Estate's interest in the Hollywood Receivable.

5. On June 21, 2014, the Trustee filed an Adversary case against the Debtors (Angueira v. Williams and Whelan, Adv. Case No. 14-01504-LMI) objecting to the Debtors' discharge pursuant to §§727(a)(2)(a), 727(a)(4)(A) and 727(a)(4)(D) (the "*Discharge Adversary*").

6. The Claims Bar Date passed in this case on October 1, 2014. The Trustee filed an Objection to Claims #1-1, #3-1, #4-1 and #5-1 [D.E. 47], which Objection has been sustained by the Court [D.E. 52]. There are therefore $6,789.22 in timely-filed and allowed general unsecured claims at issue in this case.

7. Upon the advice of counsel, and in his business judgment, the Trustee believes it is in the best interest of the Estate to enter into this settlement agreement and seek dismissal of the Discharge Adversary based on the following: (i) the proposed settlement will provide for payment of substantially all timely-filed and allowed general unsecured claims in this case, in addition to substantially all estimated administrative expenses; and (ii) the Debtors would testify that they have not omitted any information, made any false oaths, or transferred any property, with the intent to hinder, delay or defraud creditors or the Trustee.

8. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise

Controversy that is enclosed as Exhibit "1".

9.    Under the terms of the Settlement, the Debtors will pay the Trustee a total sum of $15,600.00 to be paid in twelve (12) equal monthly payments of $1,300.00 to be made on the 1st day of each month starting on January 1, 2014 and ending on December 1, 2015.

10.    The payments will be by cashier's checks or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 Coral Way, Miami, Florida 33155.  Each cashier's check or money order should clearly state the name of the Debtors and the case number.

11.    As part of this Settlement, the Debtors represent and warrant that: (1) all information contained in the Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the *"Pleadings"*), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the *"Documents"*), are true and correct and (4) the Documents contain no misrepresentations or omissions.  To the extent that the Debtors have failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

12.    If the Debtors comply with all the terms of this Stipulation, they will keep all the real and personal property listed on the Bankruptcy Schedules unless it was their intent to surrender such property.  The Trustee will not seek turnover of any of the Debtors' personal property listed on the Bankruptcy Schedules, or the Hollywood Receivable.

13.    As part of this Settlement, the Trustee will prepare and submit an Agreed dismissing the pending Discharge Adversary (Angueira v. Williams and Whelan, Adv. Case No. 14-01504-LMI) with prejudice.  Each party shall bear their own attorney's fees and costs.

14.    This Stipulation resolves all issues between the Trustee and Debtors regarding Debtors' over-exempt assets and claimed exemptions, and any insiders and third parties for alleged preferential or fraudulent transfers, and is a global settlement of all matters between the parties.

15.    If the Debtors fail to timely make any of the payments described in paragraph 9, then after ten (10) days written notice emailed or mailed to the Debtors, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtors' bankruptcy discharge without any objections from the Debtors.

16.    In the event that the Debtors fail to comply with all the terms of this Stipulation, or should any of the Debtors' representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein.  In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.  Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtors agree to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the discharge will not be revoked without a hearing.

17.    Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides:  "On motion by the trustee and after a hearing on notice to creditors, the debtor . . .  and to such other entities as the court may designate, the court may approve a compromise or settlement."

18.    "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion."  *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03

(5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the `lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman* (*In re W. T. Grant Co.*), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

19.     Based on the specific facts and circumstances of this case, the Trustee has determined that $15,600.00 would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

20.     Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtors; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 22 day of December, 2014.

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rachel@rabankruptcy.com

By _____
RACHEL L. AHLUM
Florida Bar No. 0091291

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                    :        CASE NO.: 14-16875-LMI
                                          :
EDWARD S. WILLIAMS AND                    :
CLARE K. WHELAN,                          :        CHAPTER 7
                                          :
        Debtors.                          :
_____/

## STIPULATION TO COMPROMISE CONTROVERSY

This Stipulation is entered into between Robert A. Angueira (the "*Trustee*"), and Edward

S. Williams and Clare K. Whelan (the "*Debtors*"), on this 22 day of December, 2014.

WHEREAS, the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy

Code on March 26, 2014 (the "*Petition Date*") and Robert A. Angueira is the duly appointed

Chapter 7 Trustee;

WHEREAS, pre-petition, the Debtors owned a combined 100% interest in the business

Doors, Inc., a Florida Corporation ("*Doors Inc.*"), which operated as a contractor for the

installation of commercial doors, including the installation of doors in commercial buildings and

large condominium properties;

WHEREAS, in connection with the Rule 2004 Examination of the Debtors, the Trustee

discovered that approximately five (5) months pre-petition, the Debtors transferred substantially

all of the assets and income of Doors Inc. to a new company, Doors Miami Fabrication LLC

("*Doors LLC*"), which company the Debtors alleged on Schedule B, Item #13 had a value of

$0.00 as of the Petition Date.  The Trustee disputes the Debtors' valuation of Doors LLC and the

Trustee has asserted the Estate's interest in Doors LLC;

WHEREAS, in connection with the Rule 2004 Examination of the Debtors, the Trustee



discovered that the Debtors had been working on a construction project for the City of Hollywood, from which the Debtor (Mr. Williams) is likely to receive compensation of up to $50,000.00 (the "*Hollywood Receivable*"). The Trustee has asserted the Estate's interest in the Hollywood Receivable;

WHEREAS, on June 21, 2014, the Trustee filed an Adversary case against the Debtors (Angueira v. Williams and Whelan, Adv. Case No. 14-01504-LMI) objecting to the Debtors' discharge pursuant to §§727(a)(2)(a), 727(a)(4)(A) and 727(a)(4)(D) (the "*Discharge Adversary*");

WHEREAS, the Claims Bar Date passed in this case on October 1, 2014. The Trustee filed an Objection to Claims #1-1, #3-1, #4-1 and #5-1 [D.E. 47], which Objection has been sustained by the Court [D.E. 52]. There are therefore $6,789.22 in timely-filed and allowed general unsecured claims at issue in this case;

WHEREAS, upon the advice of counsel, and in his business judgment, the Trustee believes it is in the best interest of the Estate to enter into this settlement agreement and seek dismissal of the Discharge Adversary based on the following: (i) the proposed settlement will provide for payment of substantially all timely-filed and allowed general unsecured claims in this case, in addition to substantially all estimated administrative expenses; and (ii) the Debtors would testify that they have not omitted any information, made any false oaths, or transferred any property, with the intent to hinder, delay or defraud creditors or the Trustee;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

2

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1.      The Debtors will pay the Trustee a total sum of $15,600.00 to be paid in twelve (12) equal monthly payments of $1,300.00 to be made on the 1st day of each month starting on January 1, 2014 and ending on December 1, 2015.

2.      The payments will be by cashier's checks or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 Coral Way, Miami, Florida 33155.  Each cashier's check or money order should clearly state the name of the Debtors and the case number.

3.      As part of this Settlement, the Debtors represent and warrant that: (1) all information contained in the Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the *"Pleadings"*), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the *"Documents"*), are true and correct and (4) the Documents contain no misrepresentations or omissions.  To the extent that the Debtors have failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

4.      If the Debtors comply with all the terms of this Stipulation, they will keep all the real and personal property listed on the Bankruptcy Schedules unless it was their intent to surrender such property.  The Trustee will not seek turnover of any of the Debtors' personal property listed on the Bankruptcy Schedules, or the Hollywood Receivable.

5.      As part of this Settlement, the Trustee will prepare and submit an Agreed

3

dismissing the pending Discharge Adversary (<u>Angueira v. Williams and Whelan</u>, Adv. Case No. 14-01504-LMI) with prejudice. Each party shall bear their own attorney's fees and costs.

6.    This Stipulation resolves all issues between the Trustee and Debtors regarding Debtors' over-exempt assets and claimed exemptions, and any insiders and third parties for alleged preferential or fraudulent transfers, and is a global settlement of all matters between the parties.

7.    If the Debtors fail to timely make any of the payments described in paragraph 1, then after ten (10) days written notice emailed or mailed to the Debtors, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtors' bankruptcy discharge without any objections from the Debtors.

8.    In the event that the Debtors fail to comply with all the terms of this Stipulation, or should any of the Debtors' representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein.  In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.  Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtors agree to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the discharge will not be revoked without a hearing.

9.    This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought.  A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such

party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

10.    The Trustee has accepted this settlement subject to this Court's approval.

11.    All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

12.    Time is of the essence as to all deadlines within this stipulation.

13.    This agreement represents the full and complete understanding of the parties.

14.    The Trustee believes that this agreement is in the best interest of the estate.

15.    This agreement may be signed in counterparts.

16.    The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

EDWARD S. WILLIAMS                    DATE
DEBTOR

CLARE K. WHELAN                         DATE
JOINT DEBTOR

ROBERT A. ANGUEIRA                    DATE
TRUSTEE

ANDREW BELLINSON, ESQ.            DATE
DEBTORS' COUNSEL

5

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                          :          CASE NO.: 14-16875-LMI
                                                :
EDWARD S. WILLIAMS AND                          :
CLARE K. WHELAN,                                :          CHAPTER 7
                                                :
        Debtors.                                :
_____/

## ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
## STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve

Stipulation to Compromise Controversy (C.P. #xx) (hereinafter "the Motion"), on notice to all

interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the

Local Rules of this Court (on Negative Notice), and the Court, having reviewed the file, the

Motion and the Trustee's counsel's Certificate Of No Response, good cause having been shown,

and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1.      The Motion is **GRANTED** and the settlement is **APPROVED**.



2.     The Debtors will pay the Trustee a total sum of $15,600.00 to be paid in twelve (12) equal monthly payments of $1,300.00 to be made on the 1st day of each month starting on January 1, 2014 and ending on December 1, 2015.

3.     The payments will be by cashier's checks or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 Coral Way, Miami, Florida 33155.  Each cashier's check or money order should clearly state the name of the Debtors and the case number.

4.     As part of this Settlement, the Debtors represent and warrant that: (1) all information contained in the Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "*Pleadings*"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "*Documents*"), are true and correct and (4) the Documents contain no misrepresentations or omissions.  To the extent that the Debtors have failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

5.     If the Debtors comply with all the terms of this Stipulation, they will keep all the real and personal property listed on the Bankruptcy Schedules unless it was their intent to surrender such property.  The Trustee will not seek turnover of any of the Debtors' personal property listed on the Bankruptcy Schedules, or the Hollywood Receivable.

6.     As part of this Settlement, the Trustee will prepare and submit an Agreed dismissing the pending Discharge Adversary (Angueira v. Williams and Whelan, Adv. Case No. 14-01504-LMI) with prejudice.  Each party shall bear their own attorney's fees and costs.

7.     This Stipulation resolves all issues between the Trustee and Debtors regarding

Debtors' over-exempt assets and claimed exemptions, and any insiders and third parties for alleged preferential or fraudulent transfers, and is a global settlement of all matters between the parties.

8.      If the Debtors fail to timely make any of the payments described in paragraph 2, then after ten (10) days written notice emailed or mailed to the Debtors, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtors' bankruptcy discharge without any objections from the Debtors.

9.      In the event that the Debtors fail to comply with all the terms of this Stipulation, or should any of the Debtors' representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein.  In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.  Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtors agree to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the discharge will not be revoked without a hearing.

10.     The settlement proceeds of $15,600.00 are allocated as follows: (i) $10,600.00 is attributable to the undisclosed Hollywood Receivable; and (ii) $5,000.00 is attributable to the business Doors Miami Fabrication LLC, as listed on Schedule B, Item #13.

11.     The Court retains jurisdiction to enforce the terms of this settlement.

###

Submitted by:

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail: rachel@rabankruptcy.com

Copies furnished to:
Rachel L. Ahlum, Esq.

*(Attorney Rachel Ahlum is directed to serve copies of this Order upon the Debtor, Debtor's attorney, Trustee, U.S. Trustee and all parties who have requested notice, and to file a Certificate of Service with the Court confirming such service.)*

Case No.: 14-16875-LMI

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 22 day of December, 2014, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 22 day of December, 2014, to:

- Rachel L Ahlum    rachel@rabankruptcy.com, rangueir@bellsouth.net
- Robert A Angueira    trustee@rabankruptcy.com, fl79@ecfcbis.com; tassistant@rabankruptcy.com
- Robert C. Arnold    bob@thevictorialawgroup.com, bankruptcy@thevictorialawgroup.com
- Andrew M. Bellinson    bellinsoncourt@bellsouth.net, bellinsoncourt2@gmail.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rachel@rabankruptcy.com

By _____
RACHEL L. AHLUM
Florida Bar No. 0091291

6





Ambico Limited
1120 Cummings Ave.
Ottawa, ON K1J 7 R8

Amca/American Medical Coll Agency
Attn: Bankruptcy
Po Box 160
Elmsford, NY 10523-0160

American Express
Po Box 3001
16 General Warren Blvd
Malvern, PA 19355-1245

American Express Bank FSB
c/o Becket and Lee LLP
POB 3001
Malvern  PA 19355-0701

Amex/American Express
Po Box 3001
16 General Warren Blvd
Malvern, PA 19355-1245

Ampco Products LLC
11400 NW 36 Ave
Miami, FL 33167-2907

BB&T
POB 580155
Charlotte, NC 28258-0155

Bank Atlantic
POB 8608
Fort Lauderdale, FL 33310-8608

Bank of America
PO Box 851001
Dallas, TX 75285-1001

Bca Fncl Srv
18001 Old Cutler Rd Ste
Palmetto Bay, FL 33157-6437

Blue Book-CrediSolve
POB 48439
Minneapolis, MN 55448-0439

Cach Llc/Square Two Financial
Attention: Bankruptcy
4340 South Monaco St.  2nd Floor
Denver, CO 80237-3485

Capital 1 Bank
Attn: Bankruptcy Dept.
Po Box 30285
Salt Lake City, UT 84130-0285

Carlton Fields-Larry Davis
POB 3239
Tampa, FL 33601-3239

Chase
Po Box 24696
Columbus, OH 43224-0696

Chase Auto
Attn:National Bankruptcy Dept
Po Box 29505
Phoenix, AZ 85038-9505

Chase Auto Finance
POB 9001083
Louisville, KY 40290-1083

(p)CITIBANK
PO BOX 790034
ST LOUIS MO 63179-0034

Coconut Grove Glass
3660 NW 41 St.
Miami, FL 33142-4214

Corrim Door
1870 Stillman Dr.
Oshkosh, WI 54901-1010

Cynamon Brothers & Sons., Inc
c/o Taylor and Ortiz, PA
2455 East Sunrise Blvd., #512
Fort Lauderdale, FL 33304-3108

Dash Door
& Closer Service, Inc.
7801 NW 29 St
Miami, FL 33122-1103

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH  43054-3025

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316

Dsnb Macys
9111 Duke Blvd
Mason, OH 45040-8999

Federated Law Group, PLLC
13205 US Highway 1, #555
North Palm Beach, FL 33408-2253

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Gecrb/brandsmart
C/o Po Box 965036
Orlando, FL 32896-0001

Hilti Inc c/o
Levy Diamond Bello & Associates
POB 352
Milford, CT 06460-0352

Hogancamp, Schaner & Carr
3800 SW 142 Avenue
Fort Lauderdale, FL 33330-1536

Home D c/o
CBE Group Inc.
Payment Processing Ctr
POB 2695
Waterloo, IA 50704-2695

Kendal Credit
PO Box 404665
Atlanta, GA 30384-4665

Kevin Taylor, Esquire
2455  East Sunrise Blvd
Suite 512
Fort Lauderdale, FL 33304-3108

Locksco c/o Gary Alhalel, PA
25 SE 2 Ave., #1025
Miami, FL 33131-1604

Mesker
3440 Stanwood Blvd.
Huntsville, AL 35811-9021





PYOD, LLC its successors and assigns as assi
of Citibank, N.A.
Resurgent Capital Services
PO Box 19008
Greenville, SC 29602-9008

Radiology Associates
POB 919336
Orlando, FL 32891-0001

Shell Lumbar
2733 SW 27 Ave.
Miami, FL 33133-3049

Shell Lumber & Hardware Company
2733 Sw 27th Avenue
Miami, FL 33133-3049

Taylor & Griffiths c/o
Leo Quinones CPA
2525 Ponce de Leon Blvd., #300
Miami, FL 33134-6044

The Home Depot
POB 6497
Sioux Falls, SD 57117-6497

The Limited/WFNNB
Wfnnb/Attn: Bankruptcy
Po Box 182686
Columbus, OH 43218-2686

US Bank Home Mortgage
4801 Frederica St.
Owensboro, KY 42301-7441

Volkswagon Credit Inc
National Bankruptcy Services
9441 Lbj Freeway, Suite 250
Dallas, TX 75243-4640



Clare K. Whelan
5019 SW 71 Pl.
Miami, FL 33155-5606

Edward S. Williams
5019 SW 71 Pl.
Miami, FL 33155-5606









